Filed 4/29/25  P. v. Marion CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101071 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE001279) |
| v. | |
| DARRELL MARION, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Darrell Marion has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.  We will modify the judgment to correct the custody credits the trial court orally pronounced and affirm.

1

# I. BACKGROUND

The second amended information charged defendant with attempted murder, torture, aggravated mayhem, assault with a deadly weapon, criminal threats and domestic violence of Doe.[1] (Pen. Code, §§ 664/187, subd. (a), 205, 206, 245, subd. (a)(1), 422 & 273.5, subd. (a).)[2] As to the charges of attempted murder, assault, and domestic violence, the information alleged defendant inflicted great bodily injury. (§ 12022.7, subd. (e).) As to all counts, the information further alleged defendant used a deadly weapon. (§ 12022, subd. (b)(1).)[3]

Early in the case, counsel questioned defendant's competency and entered a plea of not guilty by reason of insanity. Two separate psychiatrists found defendant was aware of his conduct at the time of the allegations of this case. Two additional claims concerning defendant's competency were raised while the case was pending. In the first of these claims, the trial court declared defendant to be competent after receiving two psychiatrist's reports opining defendant was competent. In the most recent examination in 2023, the psychiatrist reported defendant was competent. Once again, the trial court found defendant to be competent to stand trial. At trial, the court again reviewed the evaluations and found them to be extremely thorough and well done, and concurred with defense counsel's belief that defendant was competent.

Doe was defendant's girlfriend for 11 years. Around 2015 or 2016, their relationship deteriorated, and defendant started accusing Doe of "cheating with everybody at the job."

---

[1]     To protect her privacy, we refer to the victim by the pseudonym used at trial: Doe. (Cal. Rules of Court, rule 8.90(b)(4).)

[2]     Undesignated statutory references are to the Penal Code.

[3]     During the jury instruction conference, the trial court struck this enhancement as to the assault with a deadly weapon charge upon the People's motion.

On January 18, 2019, defendant drove Doe to work early in the morning. After he left, defendant called Doe about 10:00 a.m. and told her she was not allowed to go outside and smoke a cigarette and that she better stay at her desk. Despite defendant's direction, Doe went outside for a cigarette and defendant found out. When she finally took his call later that day, he told her to walk "your ass home from work."

Defendant found Doe at her mother's house. The two went home together. When they arrived, defendant called Doe names and accused her of cheating on him.

While Doe sat on the couch, defendant swung his hands and said he ought "to just F you up." Doe became scared and went into her bedroom. Defendant came into the room and told her: "Sit your ass on the bed. Don't move, and don't scream. Don't make a noise." He then took a long, brown knife and swung at Doe cutting her jaw open. After defendant cut Doe, he said, "Now, there's blood. I have to kill you because I'm not going to go to jail." Defendant also said he would have to kill himself. Doe believed him.

Defendant brought the knife down on Doe's head striking her with the blade. He cut both her elbows. Defendant balled up his fists and hit her, and Doe lost consciousness. When Doe regained consciousness, defendant was straddled on top of her trying to pull off her breasts. Doe scrambled on the bed trying to get away from him. Defendant got the knife, started slashing it wildly, tried to get her "whatever way he could," and cut Doe's pinky finger "clean off." He also cut her ring finger, but it remained hanging on her hand. When Doe said, "you cut my finger off," defendant responded by saying he "didn't give a fuck." Doe tried to hold on to him so he wouldn't hit her any more with the blade.

Doe lost consciousness a second time and when she awoke, defendant was standing over her with the knife in her side making noises like a monster. Defendant kept pushing the knife down into her and Doe was pushing it up. Defendant's hand slipped and he cut himself. Defendant, said, "Look what you did." Doe told defendant she was

3

sorry for what happened to him and that he could go take care of his wound in the bathroom while she got a cigarette. Defendant replied, "Yeah, everybody deserves a last cigarette."

Doe tried to escape through the kitchen, but defendant heard her and closed the door. Doe ran to the front door. She opened the door and saw a man across the street coming to try to help her. Defendant grabbed her and pulled her back inside. The bystander told defendant to let Doe go and defendant told him to mind his own business. Defendant started kicking Doe in the head. Ultimately, the man helped Doe escape.

The jury found defendant guilty on all the charges in the information and found all the alleged enhancements true.

The trial court sentenced defendant to seven years to life in state prison for attempted murder (§§ 664/187, subd. (a)), plus four years for the great bodily injury allegation (§ 12022.7, subd. (e)), plus one year for the weapon enhancement (§ 12022, subd. (b)(1)). The trial court imposed (and stayed under § 654) a consecutive term of seven years to life in state prison for the torture conviction (§ 206), plus a one-year term for the deadly weapon enhancement (§ 12022, subd. (b)(1)).

For the aggravated mayhem count (§ 205), the trial court imposed a consecutive term of seven years to life in state prison, plus a one-year term for the deadly weapon enhancement (§ 12022, subd. (b)(1)). The court explained in detail why it believed the objectives of the attempted murder conviction and the aggravated mayhem count were different, warranting no stay of the aggravated mayhem sentence under section 654.

The trial court imposed and stayed a middle term of three years in state prison for the assault with a deadly weapon conviction (§ 245, subd. (a)(1)), plus a four-year term for the great bodily injury enhancement (§ 12022.7, subd. (e)). For the criminal threats conviction (§ 422), the trial court imposed the middle term of two years in state prison. The trial court exercised its discretion under section 1385 and struck the punishment for the deadly weapon enhancement on this count. (§ 12022, subd. (b)(1).) On the domestic

4

violence conviction (§ 273.5, subd. (a)), the trial court imposed (and stayed under § 654) the middle term of three years in state prison, plus four years for the great bodily injury allegation (§ 12022.7, subd. (e)), plus one year for the weapon enhancement (§ 12022, subd. (b)(1)).

The trial court ordered restitution in favor of the victim in an amount to be determined, a $300 restitution fine (§ 1202.4), an equal parole revocation fine (§ 1202.45), a $240 court operations assessment fee (§ 1465.8), and $180 in conviction assessments (Gov. Code, § 70373). The court credited defendant with 1,884 days of actual custody credit and 283 days of good-time custody credits for a total of 2,106 days.

Defendant filed a timely notice of appeal and did not request a certificate of probable cause.

## II.    DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of the filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant. We will affirm the judgment.

While the trial court correctly stated on the record defendant was entitled to 1,884 days of actual custody credit and 283 days of good-time custody credit, it mistakenly added that total up to 2,106 days. The actual total should be 2,167 days. The clerk inserted the proper total in the abstract of judgment. We shall order the judgment be modified to reflect the correct number.

DISPOSITION

The judgment is modified to reflect defendant's total custody credits of 2,167 days.  As modified, the judgment is affirmed.

/s/
WISEMAN, J.\*

We concur:

/s/
BOULWARE EURIE, Acting P. J.

/s/
MESIWALA, J.

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.